808 A.2d 791

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Glen Marcus FALLIN.**

**Misc. No. AG 41, Sept. Term, 2001.**

Court of Appeals of Maryland.

Oct. 9, 2002.

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Deputy Bar Counsel, for petitioner, Atty. Grievance Com'n of MD.

No argument on behalf of respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

WILNER, Judge.

The Attorney Grievance Commission (AGC), through Bar Counsel, seeks the disbarment of respondent, Glen Marcus Fallin, based on findings that respondent engaged in several acts of professional misconduct following his earlier indefinite suspension by this Court. For the reasons hereafter stated, we sustain the findings of misconduct and accept the recommendation of Bar Counsel that respondent be disbarred.

On January 11, 2001, we filed an unreported opinion and order directing that, effective February 10, 2001, respondent be indefinitely suspended from the practice of law. *Attorney Grievance Commission of Maryland v. Glen Marcus Fallin,* September Term 1999, No. 55. That action came as the result of a petition for disciplinary action filed by AGC charging respondent with misconduct in his handling of matters for two clients. In both instances, he accepted a fee from the client but failed diligently to pursue their cases and failed to communicate with them. In one case, although the fee was, in part, a contingent one, respondent neglected to have a written agreement with respect to that fee. The several violations found by the hearing judge—of Maryland Rules of Professional Conduct (MRPC) 1.3 (acting with diligence), 1.4 (keeping client informed), 1.5(a) (fee shall be reasonable), 1.5(b) (informing client of basis of fee), 1.5(c) (informing client in writing of basis of contingent fee), 1.5(e) (division of fee between counsel), 3.2 (expediting litigation), 8.1(b) (responding to demand for information by Bar Counsel), and 8.4(a) (violating other MRPC)—were not contested by respondent. With respect to sanction, we noted that, in 1999, respondent had been reprimanded and that his then-current misconduct went "to the very heart of the attorney client relationship and the public's faith in the administration of justice." *Id.* at 11.

On December 31, 2001, AGC filed another petition, alleging violations with respect to three other clients—Margaret McAnany, Richard Comeau, and Betty Boeller. We ordered

that Mr. Fallin respond to the petition within 15 days after service and that Judge Lawrence R. Daniels, of the Circuit Court for Baltimore County, hear the matter. A copy of the petition was served on the Treasurer of the Clients' Security Trust Fund, in accordance with the applicable Maryland Rule, along with interrogatories and a request for admission of facts. When apprised that respondent had failed to file a timely response to the petition, Judge Daniels, on March 22, 2002, entered an order of default against him. The order allowed respondent 30 days within which to move to vacate the order and set a hearing for May 8, 2002. No motion to vacate was filed within the 30–day period.

On May 8—the day set for the hearing—respondent faxed directly to Judge Daniels a motion to vacate the order of default, but, in an accompanying letter, informed the judge that he would not be appearing at the hearing because his computer was inoperative. Because the motion was delivered directly to the judge by FAX and was never filed with the clerk, the judge declined to consider it.[1] Bar Counsel put into evidence the demand for admission of facts and genuineness of documents and the exhibits thereto, and, given respondent's failure to respond to that demand, asked Judge Daniels to accept the requested facts as admitted and the attached documents as genuine.

On the evidence produced, Judge Daniels found, by clear and convincing evidence, as follows:

■ (1) With respect to the complaint of Ms. McAnany, Judge Daniels found that in December, 2000, respondent was retained by her to pursue claims for wrongful termination of her employment and defamation, that in December, 2000, respondent received a fee of $1,000 for the representation, which was to include settlement negotiations, filing suit, and, if

---

1. We note from the certificate of service on the motion, dated May 8, that respondent mailed a copy of it to Bar Counsel, thus assuring that Bar Counsel would not receive it prior to the hearing. Bar Counsel was shown a copy of it by the judge's clerk on the morning of the hearing.

necessary, trial, that respondent was suspended by this Court on January 11, 2001, the suspension to take effect February 10, 2001, that, following the date of his suspension, he continued to remain involved in the matter, and that he failed to return any part of the fee, notwithstanding that, because of the suspension, he was unable to continue the representation. One particularly damaging item of evidence was an e-mail message he sent to Ms. McAnany on January 22, 2001, informing her that another attorney was likely to undertake the representation "if on February 11 I am unable to practice," but, in that event, "I would still assist behind the scene, although I would not be able to give legal advice directly to you." On February 20, he sent an amended complaint to Ms. McAnany for her to file.

On those findings, Judge Daniels concluded that respondent had violated both MRPC 1.16, by failing to refund the unearned portion of the fee he received, and MRPC 5.5, by engaging in the unauthorized practice of law following his suspension. On evidence that he declined to respond to several requests by Bar Counsel for information regarding Ms. McAnany's complaint, Judge Daniels also found a violation of MRPC 8.1 (failing to respond to lawful request by Bar Counsel for information) and 8.4(a) (violating MRPC).

██ (2) With respect to the complaint of Richard Comeau, Judge Daniels found that respondent was retained on December 27, 2000 to pursue a claim of wrongful termination of employment, that, on January 25, 2001—two weeks after the announcement of his suspension—he agreed to a fee of $750 plus 50% of any recovery, that on February 7, 2001, he negotiated Mr. Comeau's check for $750, that he failed to inform Mr. Comeau of his suspension and withdrawal from representation but rather, on February 12, 2001, he informed him that he was having another attorney send a demand letter to the employer because that attorney would "present a more effective threat," and that respondent failed to return any portion of the $750 fee he had received.

On those findings, Judge Daniels concluded that respondent violated MRPC 1.4(a) (keeping client informed), 1.4(b) (explaining matter to client), 1.5 (reasonable fee), and 1.16 (returning unearned fee following termination of representation). On evidence that respondent failed to respond to requests by Bar Counsel for information regarding Mr. Comeau's complaint, Judge Daniels also found a violation of MRPC 8.1(b), as well as 8.4(a).

■ (3) With respect to the complaint of Betty Boeller, Judge Daniels found that respondent had represented Ms. Boeller since 1996 in connection with claims of wrongful termination of employment and sexual harassment, that he failed to respond to inquiries and communications from the Maryland Human Relations Commission and the Federal Equal Employment Opportunity Commission in connection with the case, that he failed to keep Ms. Boeller informed of the status of her case, that, after filing a complaint in the Circuit Court for Baltimore County, he failed to pursue it with diligence and allowed the case to languish, that he claimed a 50% contingency fee in connection with the case but never reduced that agreement to writing, that, following his suspension, he failed to return any portion of a fee he did receive,[2] and that he failed to respond to requests for information from Bar Counsel.

On those findings, Judge Daniels concluded that respondent violated MRPC 1.1 (competent representation), 1.3 (diligence), 1.4 (keeping client informed), 1.5(c) (written agreement for contingent fee), 3.2 (expediting litigation), and 8.4(a).

---

2. Bar Counsel charged in ¶ 28 of his petition that, apart from any claim of a contingent fee, Ms. Boeller paid respondent a fee of $6,500, which, when respondent became unable to continue the representation following his suspension, became unreasonable, and that respondent declined to return any part of it to Ms. Boeller. In light of the default order, that allegation was deemed admitted. Judge Daniels made a finding only with respect to the failure to return the unearned portion of the fee. That limited finding cannot stand alone, however, as it necessarily presupposes that respondent received a fee. Given the deemed admission, we find that respondent received the $6,500 fee, as alleged.

Neither party has filed any exceptions to these findings, and respondent did not appear at the hearing in this Court. On the record before us, we sustain the findings made by Judge Daniels. As noted, Bar Counsel has recommended that respondent be disbarred. This is the third time, within three years, that respondent has been the subject of discipline. He was reprimanded in 1999 and he was indefinitely suspended in 2001. The instant charges are particularly grievous in light of the suspension. Apart from indicating a continuing pattern of wrongful conduct involving derelictions that, as we noted in our earlier opinion, go "to the very heart of the attorney client relationship," they show a disdain for our suspension order. As we have often stated, the purpose of discipline is not punishment of the attorney but protection of the public, and it is clear to us that, to serve that interest, disbarment is the appropriate sanction.

IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST GLEN MARCUS FALLIN.